# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRIE VERNON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-1508 |
| A&L MOTOR SALES, | ) ) Judge Joy Flowers Conti |
| Defendant. | ) Magistrate Judge Cathy Bissoon ) ) |

## MEMORANDUM ORDER

On August 1, 2008, this case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On February 24, 2009, the magistrate judge issued a Report and Recommendation ("R&R") (Docket No. 36) recommending that the motion for summary judgment filed by defendant A&L Motor Sales ("defendant") (Docket No. 22) be granted. Service of the R&R was made on the parties. Plaintiff Sherrie Vernon ("plaintiff") filed objections on March 13, 2009 ("Objections")(Docket No. 37) and defendant filed a response to the Objections on March 25, 2009 (Docket No. 38).

Plaintiff makes numerous objections, which for the most part reargue the issues adequately addressed by the magistrate judge in the R&R. In the Objections, plaintiff asserts that the magistrate judge failed to examine all her arguments and evidence of discrimination as a whole. A review of the entire record, however, demonstrates that the magistrate judge properly drew all inferences in her favor and considered all plaintiff's arguments, along with all the

evidence she proffered in support of her discrimination claim.  Based upon a review of the record as a whole and as the magistrate judge correctly concluded (R&R at 11), plaintiff's evidence, considered collectively on the record as a whole, is insufficient to demonstrate that defendant discriminated against plaintiff on the basis of her gender when it terminated her employment. Plaintiff did not adduce sufficient evidence for a jury to render a verdict in her favor.

The magistrate judge did not err in concluding that insufficient evidence of a similarly situated individual was presented.  The evidence of record, which is not disputed, reflects that plaintiff disclosed her hourly wage rate to a co-worker who was present in the same office as a supervisor.  Plaintiff testified:

> Q. Where was ["the co-worker] during your discussion with [the coworker's supervisor]?
> A. He was sitting at his desk in the back of the office.

(Sherrie Vernon Dep.80, July 2, 2008.)  When asked how far away the co-worker was, plaintiff stated, "[a]bout a car length away."  (Id. 81.)  Even ignoring that the supervisor to whom plaintiff spoke was not her supervisor, there was no evidence that the alleged comparator – the co-worker who overheard her disclosure about her hourly wage rate – disclosed his wage rate in the presence of any other co-worker.  Under those circumstances there is no genuine issue of material fact in dispute concerning the existence of a similarly situated individual.

The magistrate judge did not find as a matter of law that plaintiff had to show her replacement was a male.  See Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 354 (3d Cir. 1999) (replacement of a woman by a woman does not foreclose a Title VII sex discrimination claim by a woman).  The magistrate judge considered whether plaintiff adduced sufficient evidence to show that "the circumstances surrounding her termination were discriminatory."

(R&R at 7.) The sex of the replacement was part of those circumstances. Plaintiff was not limited in her proof and the magistrate judge considered the evidence she adduced, which was not sufficiently probative of gender discrimination to raise a triable issue of fact.

In the remaining objections, plaintiff, as noted, reargues issues which were adequately and appropriately addressed in the R&R. Having reviewed all plaintiff's remaining arguments, the court finds that the magistrate judge properly resolved those arguments in the R&R.

After a *de novo* review of the pleadings and documents in the case, together with the R&R, the Objections thereto and defendant's response to the objections, the following order is entered:

**AND NOW**, on this 30th day of March, 2009, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment (Doc. 22) is **GRANTED**.

The R&R of Magistrate Judge Bissoon dated February 24, 2009, as supplemented by this order, is hereby adopted as the opinion of this court.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge